UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BRITTANY KELLY** | **CASE NO. 6:20-CV-00646** |
| **VERSUS** | **JUDGE JUNEAU** |
| **PHYSICIANS MUTUAL ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is the F.R.C.P. Rule 12(b)(6) Motion to Dismiss filed by Defendants, Physicians Mutual Insurance Company and Trevor Braun. (Rec. Doc. 14). Plaintiff opposed the Motion (Rec. Doc. 30), and Physicians Mutual and Braun replied (Rec. Doc. 32). Also before the Court is a similar Motion to Dismiss for Failure to State a Claim filed by Defendant, James Shute. (Rec. Doc. 9), which Plaintiff opposed (Rec. Doc. 31), and Shute replied (Rec. Doc. 34). The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Physicians Mutual and Braun's Motion be GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

## Factual Background

Plaintiff filed this suit in the 15th Judicial District of Louisiana state court against Physicians Mutual, Trevor Braun, and James Shute on January 31, 2020 for racial discrimination under the Louisiana Employment Discrimination statutes, intentional infliction of emotional distress, and other state law tort claims. (Rec. Doc. 1-2, p. 2-5). Plaintiff amended her Petition on April 21, 2020 asserting additional claims under Title VII for sexual harassment. (Rec. Doc. 1-2, p. 90). Defendants removed the case to this Court based on the addition of these federal law claims. (Rec. Doc. 1).

Plaintiff alleged that she was employed by Physicians Mutual from January 17, 2017 through February 13, 2019, during which time Trevor Braun, co-employee and division manager, and James Shute, co-employee and "agent," harassed her with racial, derogatory, and sexist statements. (Rec. Doc. 1-2, p. 2-5). She alleged that Braun made jokes about her husband's race and yelled at or verbally abused her for no reason on several occasions between August 20, 2018 and February 12, 2019. (Rec. Doc. 1-2, p. 2-5, ¶5; 7-12). She alleged that Shute made remarks regarding her separation with her husband because of his race/color. (Rec. Doc. 1-2, p. 3, ¶6). She filed a complaint with the EEOC and received a right to sue letter on February 20, 2020. (Rec. Doc. 1-2, p. 90).

2

Physicians Mutual and Braun filed the instant Motion to Dismiss seeking dismissal of Plaintiff's claims against Braun and her claims for intentional infliction of emotional distress. (Rec. Doc. 14). Shute filed a similar Motion to Dismiss. (Rec. Doc. 9. See also Shute's Reply at Rec. Doc. 34 in which he adopts Physician Mutual and Braun's Motion to Dismiss Plaintiff's intentional infliction of emotional distress claims).

## Law and Analysis

### I. Law applicable to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr.*

3

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from

conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers Plaintiff's Petition and First Amended Petition.

## II. Whether Plaintiff stated a claim against Braun and Shute under La. R.S. 23:302.

Defendants first seek dismissal of Plaintiff's employment discrimination claims against Braun and Shute, who she alleged were co-employees and a division manager and an agent, respectively. Under the Louisiana Employment Discrimination Law (LEDL), set forth in La. R.S. 23:301 *et seq*, a plaintiff is authorized to bring a civil suit for alleged discrimination under the chapter against

5

an employer, employment agency, or labor organization. La. R.S. 23:303(A). An "employer" is defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." La. R.S. 23:302(2).

Similarly, claims for employment discrimination under Title VII are properly brought against the employer. *Smith v. Amedisys Inc.,* 298 F.3d 434, 448 (5th Cir. 2002). The plaintiff does not have a viable claim for discrimination against co-employees or supervisors. *Id.*

Plaintiff alleged that Braun was a co-employee and Division Manager of Physicians Mutual and that Shute was a co-employee and Agent of Physicians Mutual. (Rec. Doc. 1-2, p. 2, ¶1). Plaintiff does not dispute that neither Braun nor Shute were her employers and clarified in her Opposition that her claims against these individuals are for state law causes of action. (Rec. Doc. 30, p. 4-5). Therefore, to the extent Plaintiff's Petitions could be interpreted to assert claims under the LEDL and Title VII against Braun and Shute, the Court finds that these claims should be dismissed.

### III. <u>**Whether Plaintiff stated a claim for IIED.**</u>

Defendants further seek to dismiss Plaintiff's claims for intentional infliction of emotional distress, commonly called IIED. The Fifth Circuit set forth the Louisiana applicable law as follows:

> Under Louisiana law, in order to recover for intentional infliction of emotional distress, a plaintiff is required to establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.,* 585 So.2d 1205, 1209 (La.1991). "Recognition of a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Id.* at 1210. … The second prong of the *White* test requires that "[t]he distress suffered must be such that no reasonable person could be expected to endure it. Liability arises only where the mental anguish or suffering is extreme." *Id.* at 1209.

*Smith v. Amedisys Inc.,* 298 F.3d 434, 449 (5th Cir. 2002).

In an employment setting, the distress must be "more than a reasonable person could be expected to endure." *Nicholas v. Allstate Ins. Co.*, 756 20.2d 1017, 1028, 1999-2522 (La. 8/31/00). Louisiana limits workplace cases to those with a pattern of deliberate, repeated harassment over a period of time. *White*, at 1205; *Maggio v. St. Francis Med. Ctr., Inc.,* 291 So.2d 948 (La. App. 2 Cir. 1980), *writ denied*, 396 So.2d 1351 (La. 1981). Conduct intended to cause "some lesser degree of fright, humiliation, embarrassment, worry, or the like" is insufficient. *Nicholas*, at 1210.

Defendants cite several compelling cases finding that similar conduct to that alleged in Plaintiff's Petition did not qualify as "extreme and outrageous" as contemplated by Louisiana jurisprudence. (See Rec. Doc. 14-1, p. 11-16, citing cases). See discussion in *Jones v. James Constr. Grp., LLC,* No. CV 08-534-RET-DLD, 2009 WL 10702632, at *5 (M.D. La. July 8, 2009), *report and recommendation adopted,* No. CV 08-534-C, 2009 WL 10702631 (M.D. La. Aug. 17, 2009) (dismissing the plaintiff's IIED claim on a Rule 12(b)(6) motion to dismiss and, at footnote 8, citing multiple cases wherein plaintiffs allegedly endured harassment of a more egregious nature over long periods of time and yet failed to prevail on IIED claims).

The Court agrees that Plaintiff's current allegations do not state a claim for IIED. Plaintiff vaguely alleged that Braun said inappropriate and suggestive comments about her and made jokes about her husband's race, and remarks about her black attire. (Rec. Doc.1-2, p. 3, ¶5-6). Otherwise, the Petition does not set forth any specific comments, but instead alleges only that Defendants used "inappropriate" and "abusive" language and made "suggestive" and "derogatory" comments which were "insulting" and "caused immense discomfort." (Rec. Doc. 1-2, p. 3, ¶ 9-12).

Plaintiff requested an opportunity to amend the petition to set forth additional facts in support of her IIED claim, but she did not specify facts which might be

included. (Rec. Doc. 30, p. 5). Defendants argue Plaintiff has had ample opportunity to amend her Petition to allege facts to support her IIED claim, even after being apprised of Defendants' arguments in this regard. Defendants point out that they filed similar motions to dismiss Plaintiff's IIED claims in state court, before removal, on March 10, 2020 and April 13, 2020 (Rec. Doc. 1-2, p. 19-21; 64-73), and that Plaintiff amended her Petition once thereafter, on April 21, 2020, yet failed include any new facts pertinent to IIED. (Rec. Doc. 1-2, p. 90-91).

This Court is not prepared to render an essentially fact-based ruling merely on the pleadings, especially where Plaintiff requested an opportunity to amend her petition. (Rec. Doc. 30, p. 5). Under F.R.C.P. Rule 15, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court "[g]enerally…should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff 'at least one chance to amend.'" *Hernandez v. Ikon Office Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The decision to allow amendment

of a party's pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

The Court finds that it would be inequitable to dismiss Plaintiff's suit without allowing her an opportunity to set forth additional facts in support of her IIED claim. Thus, the Court recommends that Defendants' motion seeking to dismiss Plaintiff's IIED claim be denied without prejudice, with Defendants afforded the opportunity to re-urge the motion after amendment.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Physicians Mutual and Braun's Motion to Dismiss (Rec. Doc. 14) be GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART and that Shute's Motion to Dismiss (Rec. Doc. 9) be GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART. The Court recommends that Plaintiff's LEDL and Title VII claims against Shute and Braun be dismissed with prejudice, and that Plaintiff be given fifteen (15) days to amend the complaint in order to assert further factual allegations in support of her IIED claim. Defendants should be given the opportunity to re-urge the motion to dismiss thereafter.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of July, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE