## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**BRITTANY KELLY**                    **CASE NO.  6:20-CV-00646**

**VERSUS**                            **JUDGE JUNEAU**

**PHYSICIANS MUTUAL ET AL**           **MAGISTRATE JUDGE HANNA**


### REPORT AND RECOMMENDATION

Before the Court is the F.R.C.P. Rule 12(b)(6) Motion to Dismiss or Alternative Motion for Partial Summary Judgment filed by Defendants, Physicians Mutual Insurance Company and Trevor Braun. (Rec. Doc. 15). Plaintiff opposed the Motion (Rec. Doc. 29), and Defendants replied (Rec. Doc. 33). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.   After considering the parties' arguments and evidence submitted by Defendants in support of the Motion, the Court issued notice converting the Motion to Dismiss into a motion for summary judgment and an order allowing the parties until August 10, 2020 to supplement the record to support or oppose the pending motion. (Rec. Doc. 36). Neither party submitted any additional evidence or argument. Therefore, the Court now considers the pending Motion as one for partial summary judgment. (Rec. Doc. 15). Considering the evidence, the law, and the

arguments of the parties, and for the reasons explained below, the Court recommends that Physician Mutual and Braun's Motion be GRANTED.

## Factual Background

Plaintiff filed this suit in the 15th Judicial District of Louisiana state court against Physicians Mutual, Trevor Braun, and James Shute on January 31, 2020 for racial discrimination under the Louisiana Employment Discrimination statutes, intentional infliction of emotional distress, and other state law tort claims. (Rec. Doc. 1-2, p. 2-5). Plaintiff amended her Petition on April 21, 2020 asserting additional claims under Title VII for sexual harassment. (Rec. Doc. 1-2, p. 90). Defendants removed the case to this Court based on the addition of these federal law claims. (Rec. Doc. 1).

Plaintiff alleged that she was employed by Physicians Mutual from January 17, 2017 through February 13, 2019, during which time Trevor Braun, co-employee and division manager, and James Shute, co-employee and "agent," harassed her with racial, derogatory, and sexist statements. (Rec. Doc. 1-2, p. 2-5). She alleged that Braun made jokes about her husband's race and yelled at or verbally abused her for no reason on several occasions between August 20, 2018 and February 12, 2019. (Rec. Doc. 1-2, p. 2-5, ¶5; 7-12). She alleged that Shute made remarks regarding her separation with her husband because of his race/color. (Rec. Doc. 1-2, p. 3, ¶6). She

filed a complaint with the EEOC and received a right to sue letter on February 20, 2020. (Rec. Doc. 1-2, p. 90).

Physicians Mutual and Braun filed the instant Motion seeking dismissal of Plaintiff's claims under the Louisiana Employment Discrimination Law (LEDL) on the grounds that Plaintiff failed to give the notification required by the statute. Defendants presented evidence that Plaintiff was terminated effective February 12, 2019. (Rec. Doc. 15-4, ¶4). Defendants further identified three post-termination communications from Plaintiff's counsel to Physicians Mutual: 1) a May 23, 2019 letter from Plaintiff's counsel's paralegal to Physicians Mutual stating that Mr. Burgess had been retained to represent Plaintiff regarding a personal injury which occurred on June 17, 2018 through February 13, 2019 in Lafayette, Louisiana and urging the recipient to refer the letter to its insurance carrier (Rec. Doc. 15-4, p. 3-4); 2) a May 23, 2019 letter from Plaintiff's counsel's paralegal to Physicians Mutual Records Custodian providing notice regarding "the incident that occurred on June 17, 2018 – February 13, 2019 at the Physicians Mutual Insurance located at 2701 Johnston St Suite 230 Lafayette, Louisiana…that has resulted in damages…" and demanding preservation of evidence (Rec. Doc. 15-4, p. 5-10); and 3) an October 8, 2019 letter, sent by certified mail, to Physicians Mutual stating that the letter was being sent in accordance with La. R.S. 23:303 and urging the recipient to contact its insurance carrier (Rec. Doc. 15-4, p. 11). Finally, Defendants submitted an October

3

11, 2019 copy of Plaintiff's Notice of Charge of Discrimination from Plaintiff's counsel to the Physicians Mutual Human Resources representative, wherein Plaintiff checked the box indicating a charge of employment discrimination under Title VII and alleged circumstances of discrimination for race and sex. (Rec. Doc. 15-4, p. 12). Plaintiff did not present any countervailing evidence in response to the Court's July 17, 2020 Order allowing the parties to supplement the record with such evidence. (See Rec. Doc. 36).

## **Law and Analysis**

### I.    **Applicable Law**

The Court has converted Defendant's Rule 12(b)(6) Motion into a motion for partial summary judgment under F.R.C.P. Rule 56. Under Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir.2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir.2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving

party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir.2005).

Plaintiff states, without supporting authority, that "no motion for summary judgment [may be] filed until at least 30 days after the close of discovery." (Rec. Doc. 29, p. 7). Contrary to Plaintiff's statement, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." F.R.C.P. Rule 56(b). The Court rejects Plaintiff's argument that Defendants' Motion for Summary Judgment is premature.

With these governing precepts in mind, the Court considers Plaintiff's Petitions and the documents Defendants submitted in support of their motion, which includes three letters from Plaintiff's counsel's paralegal and the EEOC Notice. Plaintiff, who did not respond to Defendants' Statement of Uncontested Material Facts or submit any countervailing evidence, does not dispute that she was terminated effective February 12, 2019, the sending or contents of the three letters, or the substance of the October 11, 2019 EEOC Notice of Charge of Discrimination.[1]

## II.    <u>Whether Plaintiff's pre-suit letters constituted notice under LEDL.</u>

Defendants seek dismissal of Plaintiff's employment discrimination claims against Physicians Mutual and Braun on the grounds that Plaintiff failed to give the required notice. Under the Louisiana Employment Discrimination Law (LEDL), set

---

[1]    Under Local Rule 56.2, "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

forth in La. R.S. 23:301 *et seq*, a plaintiff is authorized to bring a civil suit for alleged discrimination under the chapter against an employer, employment agency, or labor organization. La. R.S. 23:303(A). The statute sets forth the following notice provision:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. 23:303(C).

"Louisiana state and federal courts applying Louisiana law have held the filing of an EEOC charge of discrimination satisfies this notice requirement, but limits the state claim to the alleged discrimination detailed in the EEOC charge[.]" *Johnson v. Hosp. Corp. of Am.,* 767 F. Supp. 2d 678, 700 (W.D. La. 2011), citing cases. Absent compliance with the notice provision, or the filing of an EEOC complaint with equivalent information, a discrimination suit is procedurally barred by the LEDL. *Simpson-Williams v. Andignac*, 2004-1539 (La. App. 4 Cir. 4/20/05), 902 So. 2d 385, 388.

Defendants contend that the three letters from Plaintiff's counsel's paralegal, without further correspondence or follow-up of any kind, do not satisfy the notice provision. Plaintiff contends that her October 8, 2019 letter referencing La. R.S. 23:303(C) satisfies the notice requirement. The Court finds that the foregoing letter,

7

though it references the pertinent statute, does not comply with the statute, because it did not detail the alleged discrimination, as explicitly required by the statute.  None of Plaintiff's counsel's correspondence sets forth any facts regarding the acts of discrimination alleged in her petitions. The Court finds that mere reference to Plaintiff's dates of employment as the alleged date of injury does not suffice, especially where the obviously form letters refer to the matter as "the personal injury" and "an incident that has resulted in damages to our client," seek "a copy of the incident report," advise that the recipient's insurer should be notified, and state that all correspondence would thereafter be through the insurance representative. (Rec. Doc. 15-4, p. 3-10). Indeed, the October 19, 2019 letter referencing La. R.S. 23:303(C) provides only that it is in relation to "actions and the incidents that occurred during her employment for you." (Rec. Doc. 15-4, p. 11). This does not sufficiently detail the alleged discrimination as required by the statute. Although Plaintiff also submitted an EEOC notice, the notice likewise fails to provide any substance as to the nature of the allegations and therefore does not satisfy the requirement that the notice detail the alleged discrimination. Nor has Plaintiff alleged or presented any evidence of a good faith effort to resolve the dispute prior to initiating court action, as required by the LEDL. The Court finds that Plaintiff's failure to comply with the unambiguous directives of La. R.S. 23:303(C) procedurally precludes her from pursuing LEDL claims.

8

## **Conclusion**

For the reasons discussed herein, the Court recommends that Physicians Mutual and Braun's Motion for Partial Summary Judgment (Rec. Doc. 15) be GRANTED, and that Plaintiff's LEDL claims should be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 18th day of August, 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE